UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JUDGE | Timothy A. Barnes | CASE NO. | 11bk38307 |
|---|---|---|---|
| DATE | April 19, 2016 | ADVERSARY NO. | 16ap00215<br>16ap00216<br>16ap00235<br>16ap00241 |
| CASE TITLE | In re Margaret Ann Johnsson and related adversaries | | |
| TITLE OF ORDER | Order To Show Cause | | |

## ORDER TO SHOW CAUSE

Debtor Margaret Ann Johnsson (the "Debtor") is hereby ordered to appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of Illinois, Everett M. Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 744, Chicago, Illinois 60604 at a hearing on **May 18, 2016 at 1:00 p.m.** or as soon thereafter as the matter may be heard (the "Hearing") and show cause why an order (the "Restrictive Filing Order") should not be entered placing the Debtor on restricted filing status regarding matters before the bankruptcy court, including, but not limited to, the entry of an restrictive filing order substantially in the form of that attached hereto as Attachment A.

In considering the foregoing relief, the court will take into account the history of the Debtor's actions in this case and all related adversaries, including, but not limited to, the volume of the Debtor's filings, the merit of the claims asserted in such filings, the Debtor's adherence to the rules (including timing, notice, scheduling, page limitations and similar procedure) regarding such filings, the Debtor's conduct in pursuing her filings (including behavior in interacting with court staff, conduct in court and targeting court employees with assertions in motions), the Debtor's standing to pursue her filings, the Debtor's history of complying with court orders or directions, and similar behavior.

Until such time as the Hearing is concluded: (i) all deadlines within the above-captioned bankruptcy case and adversary proceedings (including any adversary proceedings newly commenced by the Debtor or anyone acting on her behalf) are stayed; and (ii) all filings made by the Debtor or persons acting on her behalf in the case or such adversary proceedings after the date of this order to show cause will be stricken without further notice or hearing.

## MINUTE ORDER (cont.)

Anyone wishing to be heard with respect to this Order to Show Cause may do so by appearing at the Hearing. ***No written response is required***, but any written response by any party must be filed in bankruptcy case 11bk38307 by filing that response with the Clerk of the United States Bankruptcy Court, 7th Floor, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, no later than **May 1, 2016**. Such written responses must be served by first class United States mail on the Debtor, the United States Trustee for the Northern District of Illinois, the chapter 7 trustee assigned to the above-captioned bankruptcy case, and must comply with the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois.

***Failure of the Debtor to appear at the Hearing will result in the Restrictive Filing Order being entered by default.***

A copy of this Order to Show Cause shall be mailed to the Debtor at the last known address on file and sent electronically to the United States Trustee's office and the Chapter 7 trustee assigned to the bankruptcy case.

Dated: April 19, 2016        ENTER:

_____
Timothy A. Barnes
United States Bankruptcy Judge

ATTACHMENT A

RESTRICTIVE FILING ORDER

1. The Clerk of the United States Bankruptcy Court for the Northern District of Illinois (the "Clerk") (such term including, for these purposes, a deputy of the Clerk specifically designated by him/her for these purposes) shall create a miscellaneous proceedings docket with the title "In re  Margaret Ann Johnsson  " (the "Filer") and assign the docket an "MP" docket number, in which this Order and any motion filed or order entered pursuant to this Order will be docketed.

2. The terms of this Order shall apply to the Filer and anyone acting on his/her behalf.

3. From the date of entry of this Order for a period not to exceed  five  years, the only items that the Filer is permitted to file without leave of the court are motions for leave to file (as to each, a "Motion for Leave") and those items expressly permitted in paragraphs 5 and 6 of this Order. Such items must be delivered to the Clerk of the United States Bankruptcy Court, 7th Floor, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois.

   a. The Motion for Leave must attach every item the Filer seeks to file (the "Proposed Filings"), including notices, proposed orders, certificates of service or exhibits related to the Proposed Filing. The Proposed Filings must be accompanied by a numbered list specifically identifying each item.

   b. Other than the Proposed Filings and accompanying list attached as an exhibit to the Motion for Leave, the Motion for Leave must contain the customary caption and signature line and otherwise comply with the Local Rules of Bankruptcy Procedure for motions. The Motion for Leave must clearly indicate the case or adversary proceeding number in which the Proposed Filings would be filed if allowed. The Motion for Leave must also contain an address where the Filer may receive mailed items from the court and a working telephone number where the Filer may be reached.

   c. Unless otherwise permitted in this Order, the Motion for Leave must be limited in length to 10 pages (not including the Proposed Filings and accompanying list attached as an exhibit to the Motion for Leave) and content to a single introductory paragraph of not more than 3 sentences, an argument section, and a single concluding paragraph of not more than 3 sentences.

   d. If the Filer seeks a waiver of any filing fee, the Motion for Leave must clearly state in a paragraph of not more than 3 sentences what fee is sought to be waived and why such waiver is appropriate.

    e. If the Filer seeks leave on an emergency basis, the Motion for Leave must clearly state in a paragraph of not more than 3 sentences what the nature and timing of the emergency is.

    f. Only the Clerk is permitted to accept the Motion for Leave. When the Filer submits a Motion for Leave, the Clerk will accept the Motion for Leave, stamp it "received," and forward it to the undersigned judge, or in his/her absence the Chief Judge or acting Chief Judge of the United States Bankruptcy Court for the Northern District of Illinois (the "Chief Judge").

    g. The undersigned judge, or in his/her absence the Chief Judge, will consider the Motion for Leave without briefing and without hearing (unless the applicable judge in his/her or her sole discretion so directs otherwise) and determine, in his/her sole discretion, whether this Order has been complied with and whether the Motion for Leave should be granted.

    h. If a Motion for Leave is granted, an order will be entered granting leave to file the Proposed Filings and providing guidelines as to such other actions as are permitted (the "Leave Order"), including, if so determined by the applicable judge in the exercise of his/her discretion, deadlines and hearing dates. The Clerk will docket the Leave Order in the miscellaneous proceeding and applicable bankruptcy case or adversary proceeding and mail a copy of the Leave Order to the Filer at the address set forth in the Motion for Leave.

    i. If a Motion for Leave is denied, an order is entered denying leave to file a Proposed Filings (the "Denial Order"), the Clerk will docket the Denial Order in the miscellaneous proceeding, mail a copy of the Denial Order to the Filer and return with the Denial Order the Motion for Leave and all exhibits thereto.

4. The failure of the Filer to comply with this Order may, in the discretion of the undersigned judge, or in his/her absence the Chief Judge, be deemed in contempt of court and be punished accordingly.

5. \_\_Two\_\_ years from the date of entry of this Order, the Filer may apply to have the filing restrictions in this Order modified or rescinded. Such application, if filed, shall docketed by the Clerk in the appropriate miscellaneous proceeding and forwarded for decision to the undersigned judge, or in his/her absence the Chief Judge. The application must comply with provisions of this Order for Motions for Leave (as applicable), and will determined under the same procedures set forth for Motions for Leave. This paragraph 5 does not permit the filing of any item other than the application and a proposed order relating thereto. Should the application be denied, the order denying the application will specify if, and if so, when the Filer may reapply.

6. The foregoing restrictions would not apply to the filing of a notice of appeal from this Order, a Denial Order, an order denying an application under paragraph 5 of this Order, or to designations of items for the record and statements of issues on appeal relating to any of the foregoing. This does not constitute a determination that the orders addressed in this paragraph 6 are appealable.

7. Nothing in this Order shall be construed to limited the ability of the discretion of the undersigned judge, or in his/her absence the Chief Judge, including, but not limited to, to limit the applicable judge from permitting the Filer to respond to matters that were not initiated by the Filer. Any order entered by applicable judge for that purpose will be entered in the miscellaneous proceeding and the applicable bankruptcy case or adversary proceeding to which it applies.

8. Nothing in this Order shall be construed ----

    a. to deny the Filer's right of appeal;

    b. to apply to the Filer in cases or adversary proceedings other than those before the United States Bankruptcy Court of the Northern District of Illinois; or

    c. to deny the Filer's right of access to any other court, state or federal, including, but not limited to, the United States District Court, the United States Court of Appeal or the United States Supreme Court.

SO ORDERED THIS ___ DAY OF _____, 20___.


                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE